## Case No. 12,381.

### In re SAVAGE et al.

[16 N. B. R. 368.] [1]

District Court, N. D. New York. 1878.

BANKRUPTCY—PROVABLE DEBTS—PARTNERSHIP—JOINT AND SEPARATE ESTATE.

1. Where all the members of one firm are partners in another firm, they cannot prove its debt against the latter.

2. Where a bank has discounted drafts drawn by the former firm upon one who is a partner with the members of such firm in the latter firm, it cannot prove its claim thereon against the joint estate, but must look to the separate estate of the drawee.

In bankruptcy.

WALLACE, District Judge. Jesse Peckham, Isaac M. Hoag, Stephen T. Peckham and Edwin Stocking were partners in trade, composing the firm of Peckham & Hoag, dealers in lumber, at Toronto, Canada. And it appears from the stipulation of the parties that all these persons (except Stocking, who has died), together with one Richard Savage, are the surviving members of the firm of Richard Savage & Co. The latter firm carried on the lumber business at Syracuse, in this state. The proofs show that the firm of Peckham & Hoag shipped lumber at Toronto to the firm of Richard Savage & Co. at Syracuse, and drew their drafts upon Richard Savage individually, on account of the lumber thus shipped. These drafts were discounted by the Canadian Bank of Commerce at Toronto, and the proceeds placed to the credit of Peckham & Hoag. The bank now seeks to prove these drafts

---

[1] [Reprinted by permission.]

or their consideration as money lent and advanced against the joint estate of Richard Savage & Co. The bank is also the assignee of Peckham & Hoag for all demands existing in favor of that firm against the firm of Richard Savage & Co.

The bank cannot recover upon the drafts, because it is well settled that an action upon negotiable paper will only lie against those who are parties to it upon the face of the paper; and the proof does not show that Richard Savage was the firm name of those who composed the firm of R. Savage & Co. It is true that it was agreed between the members of Richard Savage & Co. that these drafts should be drawn on Savage individually, it being understood between them that the bank would probably prefer to have the drafts thus drawn as a matter of form. But the firm were not in form the drawees, and the express object was to obviate such a result, and the case therefore is not one where all the partners become obligated by the use of a firm name which is intended to represent the obligation of all. As between themselves all intended to be bound for the debt, but they did not intend to be bound upon the contract with the bank evidenced by the draft.

The case is similar to that where an agent signed a note made for his principal, not in the name of the principal, but in his own name. If one who discounts the note knows that it is in fact made for the benefit of the principal, he cannot recover of the principal, but must look to the agent. If the moneys advanced upon the discount of the drafts had been loaned to the firm of Richard Savage & Co., then the bank could recover upon the original consideration, unless the circumstances show that the bank intended to rely on the individual credit of Richard Savage. There is a conflict in the testimony as to whether or not the bank did intend to rely -on Savage individually, and on the whole I incline to the conclusion that the officers of the bank supposed that the firm of Peckham & Hoag, the drawers, and Richard Savage, the drawee, constituted together the firm of Richard Savage & Co., and that the officers of the bank preferred to have the name of Savage individually as the drawee. The bank must be held to have elected to look to Savage individually, and is therefore precluded from recovering against the firm of Richard Savage & Co. upon the consideration of the drafts as well as upon the paper. The claim of the bank, if it can be proved at all, must rest on the right of the firm of Peckham & Hoag to prove the claim against the larger firm which has been assigned to the bank. The difficulty in the way of this proof arises from the fact that the members of Peckham & Hoag were also members of Richard Savage & Co. An action at law cannot be maintained in such a case, and I have been unable to find any decision sustaining such an action in equity.

When the same person is a partner in two different firms composed of different individuals, one of which firms, being indebted to the other, becomes insolvent, I do not doubt the latter may prove its debt and receive its dividend from the insolvent firm, because in such case an action in equity would be sustained. But when as here all the members of one firm are partners in another firm, quite a different case is presented. The rule has been long settled in bankruptcy that one partner cannot prove his claim against the firm of which he is a member in competition with creditors of the firm, the reason being that as the creditors of the firm are his creditors he would be taking from his own creditors what ought first to be applied in payment of their debts. But the English cases do not apply this rule where the partner carries on a distinct trade and the claim is one for articles furnished and not for money or advances. The rule has only been modified for the purpose of the distribution of the assets of the bankrupts as between the creditors of the partner or partners individually and the joint creditors, so that where all the members of a firm are in bankruptcy, and several or all of them have been partners in two distinct firms engaged in a distinct business, the one firm from the other, the two firms are treated as distinct concerns for the purpose of the distribution of their assets among their respective creditors. If the firm of Peckham & Hoag and the firm of Richard Savage & Co. were both in bankruptcy, so that this court could deal with both estates, there would be no difficulty in the way of distributing the estate conformably to the practice thus established. But the firm of Peckham & Hoag is not here. Certain individual partners in that firm are here as partners of Richard Savage & Co. The assets of Peckham & Hoag are not within the control or jurisdiction of this court. If it should be permitted to those bankrupts who were members of Peckham & Hoag to prove a claim jointly against the estate of Richard Savage & Co., this court would be powerless to control the distribution of the proceeds, and it would be unable to ascertain or recover such sum, if any, as might be due from one member of Peckham & Hoag to the other, and consequently could not apply it to payment of joint debts after payment of the individual debts of the partners.

I am unable to see why, in a case like the present, proof should be permitted except to the extent of the interest which the members of Peckham & Hoag have in the assets of Richard Savage & Co. There is an interest only in the joint assets after the payment of the joint debts. As there cannot possibly be any surplus in view of the amount of the joint debts, it is useless to attempt to work out the rights of the parties. The claimant must rely on the separate es-

tate of Savage, the drawee of the drafts and the joint estate of Peckham & Hoag, its assignors and the drawers of the drafts.

An order is directed expunging the proof of debt and disallowing the claim.